**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TOBY E. LACY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:21-cv-45-RLW |
| | ) |
| UNKNOWN CALLAHAN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Missouri State prisoner Toby E. Lacy for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.49. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice, and will deny as moot plaintiff's motions seeking the appointment of counsel and a subpoena duces tecum.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $7.47, and an average monthly balance of $4.36. The Court will therefore assess an initial partial filing fee of $1.49, which is twenty percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone*

*v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

In assessing whether an action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B), courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted), Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

## The Complaint

On October 23, 2020, plaintiff was residing at the Farmington Community Supervision Center ("FCSC").[1] He filed the instant complaint pursuant to 42 U.S.C. § 1983 on January 11, 2021 after his parole status was revoked and he was returned to prison. He names the following five public officials as defendants: Officer Unknown Callahan, Parole Officer Timothy Hedrick,[2] Unit Supervisor Lisa Dempsey, Facility Supervisor Jonathan Miller, and Facility Director Cora Haynes. Plaintiff specifies he sues each defendant in his or her official capacity. He alleges as follows.

---

[1] The FCSC is a Missouri Department of Corrections Division of Probation and Parole facility for offenders under community supervision. It provides a structured, residential program to assist and supervise offenders transitioning from prison to the community, or offenders who are at risk of revocation from community supervision. https://doc.mo.gov/divisions/probation-parole (last visited May 7, 2021).

[2] The complaint indicates this defendant's surname is spelled "Hedricks." However, Missouri Department of Corrections Board of Probation and Parole documents attached to the complaint indicate the correct spelling is "Hedrick." The Court will use the correct spelling of this defendant's surname in this Memorandum and Order.

On October 23, 2020 at the FCSC, plaintiff was ordered to "cuff up" and was taken to the St. Francois County Jail. (ECF No. 1 at 5). On October 27, 2020, he was transported to the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). On November 13, 2020, an Institution Parole Officer gave plaintiff a copy of a parole violation report. The officer explained that plaintiff was being returned to prison because on October 23 2020, a FCSC resident named Chase Coplin accused plaintiff of making "sexual 'come-ons'" and touching his buttocks. *Id.* at 6. Plaintiff avers Coplin had previously accused another FCSC resident of the same behavior, and was "immediately furloughed" after accusing plaintiff. *Id.*

> Plaintiff writes:
>
> Attention: By the Missouri Department of Corrections rules and policy and the Prison Rape Elimination act (PREA) and law: I and the victim "Chase Coplin" should have been placed in segregation investigated by PREA and police investigators and I should have been given a conduct rule violation "CDV" if I commited [*sic*] any crimes or any infraction I would have been given a (CDV). "A write up" and been seen by a disciplinary hearing committe [*sic*]. The report states that a video footage showed "me" entering Chase Coplin's cube and it shows "me" and Coplin moving around on (my) bottom bunk I and Chase Coplin and Fisher was smoking a spice drug called "K2" Chase Coplin got high and had a [sic] episode/a panic attack and told lies. And if the staff believed I alledgey [*sic*] sexually assaulted someone, why wasn't any disciplinary action taken?

*Id.* at 6-7. Plaintiff claims he asked Callahan, Hedrick, Dempsey, Miller and Haynes to investigate the incident "so that they all five would learn that 'Chase Coplin' was lying. But instead each above staff did not want to go by the policy or rules or law and investigate. Each one decided to send me back to prison (MDOC)." *Id.* at 7. Plaintiff claims he did not break the rules, and his parole was wrongfully revoked. He alleges no other injuries. As relief, he seeks an unspecified amount in damages "for each day [that] was taken from me." *Id.* at 9. He seeks no other form of relief.

4

Attached to the complaint is a Field Violation Report prepared by Miller that recounts the allegations against plaintiff, and recommends revocation of plaintiff's parole. Also attached is a Field Violation Report prepared by Hedrick detailing a meeting with plaintiff on October 27, 2020, noting plaintiff waived his right to a preliminary hearing and declined to provide a statement concerning the violations with which he was charged, and recommending revocation of plaintiff's parole. Also attached are a Board of Probation and Parole form and an Order of Revocation revoking plaintiff's parole and assigning him a release date of July 1, 2020. Finally, plaintiff attached a copy of an Informal Resolution Request he filed on December 10, 2020 to grieve the matter.

After filing the complaint, plaintiff filed a motion asking the Court to compel the production of certain investigative materials related to his discharge from parole. (ECF No. 7). Plaintiff also filed four letters addressed to the Clerk of the Court in which he attempts to communicate regarding this pending case.[3] The subject matter of the letters includes the alleged inadequacy of the prison library and prison rules regarding use of materials; prison officials' violations of rules and procedures concerning handling his grievances; and plaintiff's complaints about his relocation to a one-man cell. Plaintiff also seeks guidance regarding how to file exhibits in this case, and he argues that while the aforementioned video footage of himself and Coplin on the bottom bunk was considered evidence supporting the decision to return him to prison, other documentation indicates the view of the bottom bunk was obscured.

---

[3] Letters are an inappropriate means by which to communicate with the Court regarding a pending case. E.D.Mo. L.R. 4.04(A) ("self-represented litigants shall not communicate in writing with the Court concerning any pending case except by motion or memorandum, unless otherwise directed by the Court.").

**Discussion**

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 to seek monetary relief against the defendants in their official capacities. Official-capacity suits represent another way of pleading an action against the entity of which the officer is an agent. *Hafer v. Melo,* 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham,* 473 U.S. 159, 169 (1985)). *See also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."). Therefore, plaintiff's claims against the defendants are treated as claims against their employer, a Missouri State agency. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, the State of Missouri and its agencies are not "persons" within the meaning of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999). Furthermore, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). Accordingly, plaintiff's claims against all of the defendants are subject to dismissal.

Even if plaintiff had sued the defendants in their individual capacities, the complaint would be subject to dismissal. Plaintiff claims the defendants are liable to him because they engaged in acts and/or omissions that caused his parole to be revoked and caused him to be subjected to extended incarceration. Judgment for plaintiff on such claims would necessarily imply the invalidity of the revocation of his parole and extended incarceration. In *Heck v. Humphrey*, the Supreme Court considered a claim brought by a prison inmate against state officials under § 1983, alleging misconduct in the investigation and prosecution of the inmate's criminal case. 512 U.S. 477 (1994). The Court held that

6

>in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486–87 (footnote omitted).

The Eighth Circuit has applied *Heck* to cases in which the plaintiff uses § 1983 to attack the revocation of his parole. *See, e.g., Newmy v. Johnson*, 758 F.3d 1008, 1011-12 (8th Cir. 2014) (the district court properly dismissed the plaintiff's complaint because judgment for plaintiff would necessarily imply the invalidity of the parole revocation); *Flying Horse v. Hansen*, 691 F. App'x. 299, 300 (8th Cir. 2017) (*Heck* bar applied to plaintiff's claim for damages after revocation of parole, because "a judgment in his favor would render the parole revocation invalid"). In *Newmy*, the Eight Circuit recognized that the *Heck* favorable termination rule "could preclude a damages remedy for an inmate who is detained for only a short time with limited access to legal resources, but that is a consequence of the principle barring collateral attacks that was applied in *Heck*." *Newmy,* 758 F.3d at 1012. In the case at bar, plaintiff has not demonstrated that his parole revocation has been rendered invalid. Accordingly, the claims he asserts in this § 1983 action are barred by *Heck.*

To the extent plaintiff can be understood to allege that any defendant's action or omission violated a policy or procedure of the Missouri Department of Corrections and/or its Division of Probation and Parole, or that it violated Missouri State law, such allegations would fail to state a claim of constitutional dimension. It is well established that there is no federal constitutional liberty interest in having state officers follow state law or having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d

7

640, 643 (8th Cir. 1996)). *See Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability).

As noted above, plaintiff has submitted letters addressed to the Clerk of the Court in an attempt to communicate regarding this pending case. Although that is an improper means of communicating with the Court, the Court has reviewed the letters, and concludes that even if their content had been included in the complaint or in an amended complaint, it would not state a plausible claim for relief. Plaintiff either sets forth wholly conclusory allegations, or sets forth allegations that would fail to state a claim of constitutional dimension. Plaintiff indicates that staff failed to sign and date his informal resolution request and grievance forms, but he alleges nothing permitting the inference that any state actor deprived him of his right to file a nonfrivolous grievance. As noted above, allegations that a prison official violated prison policy or procedure do not state a claim of constitutional dimension. *Id.* While plaintiff also complains about limited access to the law library and/or legal materials, he does not allege such inadequacies caused a nonfrivolous legal claim to be frustrated or impeded. Therefore, he would be unable to show an "actual injury," as required to prevail on a claim premised upon denial of access to the courts. *See Lewis v. Casey,* 518 U.S. 343, 351-52 (1996) and *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996). Finally, plaintiff's complaints of being moved to a one-man cell would fail to state a claim of constitutional dimension. "Among the liberties which prisoners do not enjoy is choice of cells." *Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984). *See also Allen v. Purckett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (stating that plaintiffs had no right "to be housed in a certain barrack or housing unit, or with certain inmates").

Having thoroughly reviewed and liberally construed the complaint and plaintiff's additional submissions, the Court concludes the claims plaintiff wishes to bring are neither

8

plausible nor viable under 42 U.S.C. § 1983. Plaintiff obviously prepared the complaint carefully and thoughtfully. He is clear about the claims he wishes to bring, and he pleads them in a logical manner. It is apparent that the problems with the complaint would not be cured by permitting plaintiff to file an amended pleading. Therefore, this case will be dismissed at this time pursuant to 28 U.S.C. § 1915(e)(2)(B). However, nothing in this Memorandum and Order should be construed as precluding plaintiff from bringing claims related to the revocation of his parole should he become able to meet the *Heck* favorable termination rule.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.49 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Subpoena Duces Tecum (ECF No. 7) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

*[signature: Ronnie L. White]*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 10th day of May, 2021.